**WILLIAM MACKIN, ESQ., P.C.**
**105 N. BROAD STREET**
**SUITE 1**
**WOODBURY, NJ 08096**
(856) 848-2152
(856) 848-4280 Fax
**Attorney For Plaintiffs**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
*(Camden Vicinage)*

| | |
|---|---|
| In re: | : |
| | :     Chapter 7 |
| Mario Sousa and Maria Sousa | : |
| | :     Case No.: 07-20831 JHW |
| Debtor(s) | : |
| | : |
| | :     Adv. Pro. No. |
| Mario Sousa and Maria Sousa, | : |
|    **Plaintiffs** | : |
| | : |
| vs. | :     **ADVERSARY COMPLAINT** |
| | : |
| Portfolio Recovery Associates, LLC | : |
|    **Defendant** | : |

Plaintiffs, by way of Complaint against the Defendant states as follows:

**FIRST COUNT**
**(Violation of the Bankruptcy Discharge Injunction)**

1.    Plaintiffs, Mario Sousa and Maria Sousa ("Plaintiffs"), are the debtors in the above captioned chapter 7 case.

2.    Defendant Portfolio Recovery Assets, LLC ("Defendant") is, upon information and belief, a Delaware limited liability company with an office and business mailing address of 120 Corporate Blvd. Norfolk, VA 23502.

3.    Defendant is a corporation or other business entity engaged in the business of collecting debts in the State of New Jersey.

4.    The principal purpose of Defendant's business is the collection of debts using the mail and telephones.

5.    Defendant regularly attempts to collect debts originated by or alleged to be due another.

6. This action seeks redress for the unlawful and deceptive practices committed by Defendant in connection with its efforts to collect a debt discharged by the Plaintiffs' chapter 7 bankruptcy case. Defendant's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. This action seeks monetary damages and injunctive relief for Defendant's violation of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. Sections 105 and 524.

7. This action also seeks monetary damages and other relief under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq* (the "FDCPA"), the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq* (the "Consumer Fraud Act") and for breach of the terms of a settlement agreement between the parties dated August 26, 2009 (the "Settlement Agreement").

8. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Sections 157(a), 157(b)(1), 157(b)(2), 15 U.S.C. Section 1692k(d) and the standing Order of Reference entered by the United States District Court for the District of New Jersey on July 23, 1984 in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

9. This matter is primarily a core proceeding pursuant to 28 U.S.C. Sections 157(b)(2)(A) and (O) and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the unlikely event any aspect of this case is determined to be a non-core proceeding, the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

10. This Court has supplemental jurisdiction to hear all non-bankruptcy claims pursuant to 28 U.S.C. Section 1367.

11. Venue lies in this District pursuant to 28 U.S.C. Section 1409.

12. Plaintiffs' chapter 7 case was commenced by the filing of a voluntary petition with the Clerk of this Court on July 31, 2007 (the "Filing Date").

13. Prior to the Filing Date Defendant had sent written communications to Plaintiffs indicating that Defendant was attempting to collect a debt allegedly due to Sears National Bank ("Sears") in the amount of $2,115.00.

14. Plaintiffs' voluntary petition included Defendant on Schedule F as the collection agent for Sears as the holder of an unsecured pre-petition claim in the amount of $2,115.00. Defendant's address was

listed thereon as 120 Corporate Blvd. Norfolk, VA 23502. See attached Exhibit A.

15. Defendant was also included in the creditor matrix filed with the Plaintiffs' chapter 7 petition. Defendant's address was listed thereon as 120 Corporate Blvd. Norfolk, VA 23502. See attached Exhibit B.

16. Notice of the commencement of Plaintiffs' chapter 7 case was served on Defendant by the Bankruptcy Noticing Center on August 3, 2007. This notice was sent to the Defendant at its mailing address of 120 Corporate Blvd. Norfolk, VA 23502. See attached Exhibit C.

17. The Notice of Commencement informed Defendant that Plaintiffs had obtained counsel, listing the address and telephone number where such counsel could be contacted. Furthermore, the Notice of Commencement informed Defendant that "the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor". It further informed Defendant that, "if you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

18. The appointed chapter 7 trustee, Andrew Sklar, filed a no-asset report on the court docket on October 5, 2007. Although not a party to this action, the trustee is a party-in-interest and will receive notice of this adversary proceeding.

19. The Court entered a Discharge Order in Plaintiffs' chapter 7 case on November 2, 2007. Notice of the entry of the Plaintiffs' Discharge Order was sent to Defendant by the Bankruptcy Noticing Center by way of regular mail on November 4, 2007. This notice was sent to the Defendant at its mailing address of 120 Corporate Blvd. Norfolk, VA 23502. See attached Exhibit D.

20. The Discharge Order notified Defendant that the entry of Plaintiffs' discharge "prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor."

21. Plaintiffs' chapter 7 case was closed and the Final Decree was entered on November 5, 2007.

### DEFENDANT'S FIRST UNLAWFUL COLLECTION LETTER

22. Despite notice of the commencement of Plaintiff's chapter 7 case and the subsequent entry of the Discharge Order, Defendant sent a letter to Plaintiffs dated November 3, 2008, demanding payment of the discharged Sears debt (the "First Collection Letter"). See Attached Exhibit E.

A. The First Collection Letter indicates that Plaintiffs owe $2,115.44 on account of the

    discharged Sears debt, but that if Plaintiffs pay Defendant the "settlement" amount of $1,057.72, "We will stop our efforts to collect this account."

  B. The First Collection Letter further indicates that if Plaintiffs pay Defendant the "settlement" amount of $1,057.72, it will be a "significant savings over the *full balance you owe us*."

  C. The First Collection Letter further implies that unless and until Plaintiffs satisfy the discharged Sears debt, Defendant had the ability to continue efforts to collect that debt by stating: "We restrict access to nonpublic information about you to those employees and entities that need to know that information *in order to collect your account*."

  D. The First Collection Letter further implies that unless and until Plaintiffs satisfy the discharged Sears debt, Defendant had the ability to continue to report negative credit information concerning that debt to credit reporting agencies by stating: "You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation."

<u>DEFENDANT'S SECOND UNLAWFUL COLLECTION LETTER</u>

23. Despite notice of the commencement of Plaintiff's chapter 7 case and the subsequent entry of the Discharge Order, Defendant sent a second letter to Plaintiffs dated April 21, 2009, resuming their collection efforts as to the discharged Sears debt (the "Second Collection Letter"). See Attached Exhibit F.

  A. The Second Collection Letter again indicates that Plaintiffs owe $2,115.44 on account of the discharged Sears debt, but sets forth three payment options Plaintiffs might take advantage of in satisfaction of the discharged Sears debt.

  B. The Second Collection Letter further implies that unless and until Plaintiffs satisfy the discharged Sears debt, Defendant had the ability to continue efforts to collect that debt by stating: "We restrict access to nonpublic information about you to those employees and entities that need to know that information *in order to collect your account*."

  C. The Second Collection Letter further implies that unless and until Plaintiffs satisfy the discharged Sears debt, Defendant had the ability to continue to report negative credit information concerning that debt to credit reporting agencies by stating: "You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a

credit reporting agency if you fail to fulfill the terms of your credit obligation."

24. Both the First and Second Collection letters identify Defendant's corporate address as 120 Corporate Boulevard, Norfolk, VA 23502, the same address to which the Bankruptcy Noticing Center sent Defendant both the Notice of Commencement of the Plaintiffs' Chapter 7 case and the Notice of the entry of discharge in favor of Plaintiffs.

<u>ADVERSARY PROCEEDING 09-01943</u>

25. Plaintiffs filed a motion to reopen the bankruptcy case on May 13, 2009 to permit the filing of an Adversary Proceeding against Defendant as a result of the two unlawful collection demand letters identified above. This Court granted that motion and entered an Order reopening the case on June 12, 2009. On June 25, 2009 Plaintiffs filed an adversary complaint against Defendant under docket number 09-01943 seeking damages and injunctive relief for wilful violation of the discharge injunction of 11 U.S.C. § 524 and other related forms of relief.

26. Thereafter, the Settlement Agreement was executed between Plaintiffs and Defendant, resolving Adversary Proceeding 09-01943. A copy of the Settlement Agreement is attached hereto as Exhibit G.

    A. Pursuant to paragraph 5 of the Settlement Agreement, the parties acknowledged that Defendant's claim had been fully discharged in bankruptcy and that Defendant would not take any further collection activity relative to that debt.

    B. Pursuant to paragraph 6 of the Settlement Agreement, Defendant was required to purge the debt from their data base.

    C. Pursuant to paragraph 9 of the Settlement Agreement, Defendant was required to remove any negative credit entries related to the debt from any and all of Plaintiff's consumer credit reports by making a written request for the removal of such entries from each of the major credit reporting agencies by way of a Uniform Data Report request within 30 days of the execution of the Settlement Agreement and to simultaneously provide a copy of such request to Plaintiff's attorney.

27. As a result of the Settlement Agreement a stipulation of dismissal was filed in Adversary Proceeding 09-01943 on September 17, 2009 pursuant to F.R.Bankr.P. 7041 and F.R.Civ.P. 41(a)(1)(A)(I).

Adversary Proceeding 09-01943 was closed on September 17, 2009. The Plaintiffs' bankruptcy case was also once again closed on September 17, 2009.

### DEFENDANT'S THIRD UNLAWFUL COLLECTION LETTER

28. Incredibly, despite formal knowledge of Plaintiff's bankruptcy case and discharge, despite acknowledging in the Settlement Agreement that the Sears debt was discharged in Plaintiff's bankruptcy case, and despite agreeing that no further collection actions would be taken relative to the discharged Sears debt, Defendant has sent a third letter to Plaintiffs, dated December 29, 2009, a copy of which is attached hereto as Exhibit H, demanding payment of the discharged Sears debt (the Third Collection Letter).

  A. The account number which is the subject of the Third Collection Letter is the same account number as the discharged Sears debt.

  B. The amount identified as being due to Defendant in the Third Collection Letter is the same amount that was scheduled and discharged in Plaintiff's bankruptcy case.

  C. The account number and amount identified in the Third Collection Letter are the same as those identified in the First and Second Collection Letters which led to the institution of Adversary Proceeding 09-01943.

  D. The account number and amount identified in the Third Collection Letter are the same as those identified in the Settlement Agreement.

29. The Third Collection Letter again indicates that Plaintiffs owe the full balance of $2,115.44 on account of the discharged Sears debt and provides Plaintiffs with three payment "Options" Plaintiffs might take advantage of in satisfaction of the discharged Sears debt:

  A. First, if the Plaintiffs made a single payment of $848.18 no later than January 29, 2010, Defendant would "take $1,269.26 off the balance" and Defendant would consider the account "Settled in Full" after payment had been posted.

  B. Alternatively, if the Plaintiffs made 6 monthly payments of $158.66 each beginning on January 29, 2010, Defendant would "take $1,163.48 off the balance" and Defendant would consider the account "Settled in Full" after the final payment had been posted.

  C. As a final option, Defendant indicated that if Plaintiffs made installment payments of "as little as $130.00 per month" beginning on January 29, 2010, Defendant would consider the

account "Paid in Full...once the account reaches a zero balance".

30. The Third Collection Letter implies that the entire balance of the discharged Sears debt is still due in full.

31. The Third Collection Letter further implies that unless and until Plaintiffs satisfy the discharged Sears debt, Defendant had the ability to continue efforts to collect that debt by stating: "We restrict access to nonpublic information about you to those employees and entities that need to know that information *in order to collect your account*."

32. Defendants actions, in seeking to falsely and deceptively coerce Plaintiffs to pay the discharged Sears debt, constitutes a gross violation of the discharge injunction entered in Plaintiff's chapter 7 bankruptcy case pursuant to 11 U.S.C. Section 524, and constitute knowing contempt of bankruptcy court orders.

33. Defendant has violated the terms of the Settlement Agreement by failing to purge the debt from its data base as required by paragraph 6 of the Settlement Agreement.

34. Defendant has violated the terms of the Settlement Agreement by failing to remove any negative credit entries related to the debt from any and all of Plaintiffs' consumer credit reports within 30 days of the execution of the Settlement Agreement as required by paragraph 9 thereof.

35. Defendant's breach of the terms of the Settlement Agreement has resulted in the continued reporting of false and incorrect derogatory information on the Plaintiffs' credit reports to their great detriment and damage for the purpose of seeking to coerce payment of the discharged Sears debt, all of which also constitutes a knowing and wilful violation of the discharge injunction provisions of 11 U.S.C. Section 524.

36. Defendant's unlawful conduct has substantially frustrated the discharge order entered by this Court, has severely hindered the Plaintiffs' ability to obtain the "fresh start" afforded through the bankruptcy discharge and has caused Plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

37. Pursuant to 11 U.S.C. Section 105 this Court is authorized to, and must in this case, impose actual damages, punitive damages, legal fees and injunctive relief against Defendant, in order to carry out the provisions of the Bankruptcy Code, to maintain the integrity of this Court and to protect the discharge relief granted to debtors, such as Plaintiffs, who have secured such relief by the successful completion of the

bankruptcy process.

38. This is a case in which punitive damages are appropriate. Defendant's unlawful contact with Plaintiffs seeking enforcement and payment of a debt discharged in bankruptcy, known by the Defendant to have been fully discharged in bankruptcy, by deceptive means on more than one occasion, and in direct contravention of the Settlement Agreement, constitutes a deliberate and wilful course of conduct designed to flagrantly violate Plaintiffs' legal rights warranting the imposition of punitive damages to prevent continued and further similar activities by Defendant in this District with regard to Plaintiffs and other similarly situated discharged debtors.

**WHEREFORE,** Plaintiffs demand judgment against Defendant on this Count of the Complaint for the following forms of relief:

   A. Awarding Plaintiff's actual damages in an amount to be determined by the Court;

   B. Awarding Plaintiff's consequential damages in an amount to be determined by the Court;

   C. Permanently enjoining Defendant from further engaging in any such prohibited acts against the Plaintiffs;

   D. Awarding Plaintiff's costs of suit;

   E. Awarding Plaintiff's reasonable attorney's fees and expenses;

   F. Awarding punitive damages; and

   G. Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

**SECOND COUNT**
**(Violation of the Fair Debt Collection Practices Act)**

1. Plaintiff repeats and repleads each and every allegation contained in the First Count of this Complaint and incorporates the same herein by reference as if more fully set forth at length to avoid unnecessary repetition.

2. Defendant's acts and omissions constitute numerous clear and separate violations of the FDCPA. More specifically, Defendant's unlawful actions constitute, without limitation, the following distinct and separate violations of the FDCPA:

   A. Defendant used prohibited communication practices by sending the Third Collection Letter

   in violation of 15 U.S.C. Section 1692c(a)(2) by communicating directly with Plaintiffs despite actual knowledge that Plaintiffs did not want to be contacted directly and despite actual knowledge that Plaintiffs were represented by an attorney.

B.  The Third Collection Letter failed to contain the 30-day debt validation notice mandated by 15 U.S.C. Section 1692g(a)(3) informing Plaintiffs that they had they right to dispute the validity of the debt.

C.  The Third Collection Letter failed to contain the notice mandated by 15 U.S.C. Section 1692g(a)(4) informing Plaintiffs that verification of the alleged debt would be provided upon request.

D.  The Third Collection Letter knowingly misrepresented the legal status of the Sears debt in violation of 15 U.S.C. Section 1692e(2) by representing that the Sears debt was capable of further legal enforcement through the civil court collection process despite Defendant's actual knowledge that the Sears debt had been discharged in Plaintiffs' chapter 7 bankruptcy case and was no longer capable of such legal enforcement against Plaintiffs.

E.  The Third Collection Letter knowingly misrepresented the legal status of the Sears debt in violation of 15 U.S.C. Section 1692e(2) by representing that the full amount was still due despite discharge.

F.  The Third Collection Letter constituted the use of false representations and/or deceptive means to collect or attempt to collect the discharged Sears debt in violation of 15 U.S.C. Section 1692e(10).

G.  Defendant engaged in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiffs in violation of 15 U.S.C. Section 1692d by demanding that Plaintiffs pay a debt which Defendant actually knew was discharged and could not be legally enforced.

H.  Defendant attempted to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods in violation of 15 U.S.C. Section 1692f(1).

I.  Defendant has failed to purge the debt from its data base as required by paragraph 6 of the Settlement Agreement and has failed to remove any negative credit entries related to the debt from any and all of Plaintiffs' consumer credit reports within 30 days of the execution of

        the Settlement Agreement as required by paragraph 9 thereof, all of which constitute attempts to coerce payments of the discharged Sears debt by methods not permitted by law and by otherwise using unfair and unconscionable methods in violation of 15 U.S.C. Section 1692f(1).

3. As a result of the acts alleged above, Plaintiffs have suffered damages, both statutory and actual.

4. This is a case in which punitive damages are appropriate. Defendant's unlawful contact with Plaintiffs seeking enforcement and payment of a debt discharged in bankruptcy, known by the Defendant to have been fully discharged in bankruptcy, and agreed by Defendant to be discharged and incapable of further collection activity, by deceptive means on more than one occasion, constitutes a deliberate and wilful course of conduct designed to flagrantly violate Plaintiffs' legal rights warranting the imposition of punitive damages to prevent continued and further similar activities by Defendant in this District with regard to Plaintiffs and other similarly situated discharged debtors.

**WHEREFORE,** Plaintiffs demand judgment against Defendant on this Count of the Complaint for the following forms of relief:

    A. Awarding Plaintiff's actual damages in an amount to be determined by the Court;

    B. Awarding Plaintiff's consequential damages in an amount to be determined by the Court;

    C. Awarding the full measure of permitted statutory damages pursuant to 15 U.S.C. Section 1692(k) for each separate violation of the FDCPA;

    D. Awarding Plaintiff's costs of suit;

    E. Awarding Plaintiff's reasonable attorney's fees and expenses;

    F. Awarding punitive damages; and

    G. Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

### THIRD COUNT
### (Breach of Contract)

1. Plaintiff repeats and repleads each and every allegation contained in the First and Second Counts of this Complaint and incorporates the same herein by reference as if more fully set forth at length to avoid unnecessary repetition.

    2.    Defendant has violated the terms of the Settlement Agreement by failing to purge the debt from its data base as required by paragraph 6 of the Settlement Agreement.

    3.    Defendant has violated the terms of the Settlement Agreement by failing to remove any negative credit entries related to the debt from any and all of Plaintiffs' consumer credit reports within 30 days of the execution of the Settlement Agreement as required by paragraph 9 thereof.

    4.    Defendant's breach of the terms of the Settlement Agreement has resulted in the continued reporting of false and incorrect derogatory information on the Plaintiffs' credit reports to their great detriment and damage.

**WHEREFORE,** Plaintiffs demand judgment against Defendant on this Count of the Complaint for the following forms of relief:

    A.    Awarding Plaintiff's actual damages in an amount to be determined by the Court;

    B.    Awarding Plaintiff's consequential damages in an amount to be determined by the Court;

    C.    Requiring Defendant to immediately comply with the terms of the Settlement Agreement at its own cost and expense;

    D.    Awarding Plaintiff's costs of suit;

    E.    Awarding Plaintiff's reasonable attorney's fees and expenses; and

    F.    Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

### FOURTH COUNT
**(Violation of the New Jersey Consumer Fraud Act)**

1.    Plaintiff repeats and repleads each and every allegation contained in the First, Second and Third Counts of this Complaint and incorporates the same herein by reference as if more fully set forth at length to avoid unnecessary repetition.

2.    The Defendant has acted, used or employed unconscionable commercial practices, deceptions, fraud, false pretenses, false promises, misrepresentations, and/or has knowingly concealed, suppressed, or omitted material facts with the intent that Plaintiff rely upon such concealment, suppression or omission as outlined herein in violation of N.J.S.A. 56:8-1, *et seq*.

3.    More particularly, and without limitation, the following actions by Defendant each constitute a separate

and distinct violation of N.J.S.A. 56:8-1, *et seq*:

    a.    Defendant used prohibited communication practices by sending the Third Collection Letter by communicating directly with Plaintiffs despite actual knowledge that Plaintiffs did not want to be contacted directly and despite actual knowledge that Plaintiffs were represented by an attorney.

    b.    The Third Collection Letter failed to contain the 30-day debt validation notice mandated by 15 U.S.C. Section 1692g(a)(3) informing Plaintiffs that they had they right to dispute the validity of the debt.

    c.    The Third Collection Letter failed to contain the notice mandated by 15 U.S.C. Section 1692g(a)(4) informing Plaintiffs that verification of the alleged debt would be provided upon request.

    d.    The Third Collection Letter knowingly misrepresented the legal status of the Sears debt by representing that Defendant had the continued ability to provide negative credit reporting information to credit reporting agencies about Plaintiffs' failure to now pay the discharged Sears debt.

    e.    The Third Collection Letter knowingly misrepresented the legal status of the Sears debt by representing that the Sears debt was capable of further legal enforcement through the civil court collection process despite Defendant's actual knowledge that the Sears debt had been discharged in Plaintiffs' chapter 7 bankruptcy case and was no longer capable of such legal enforcement against Plaintiffs.

    f.    The Third Collection Letter knowingly misrepresented the legal status of the discharged Sears debt by representing that the full amount was still due despite bankruptcy discharge.

    g.    The Third Collection Letter constituted the use of false representations and/or deceptive means to collect or attempt to collect the discharged Sears debt.

    h.    Defendant engaged in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiffs by demanding that Plaintiff's pay a debt which Defendant actually knew was discharged and could not be legally enforced.

    i.    Defendant attempted to collect amounts not permitted by law and by otherwise using unfair

  and unconscionable methods.

4. As a result of the acts alleged above, Plaintiffs have suffered damages, both statutory and actual.

5. This is a case in which punitive damages are appropriate. Defendant's unlawful contact with Plaintiffs seeking enforcement and payment of a debt discharged in bankruptcy, known by the Defendant to have been fully discharged in bankruptcy, by deceptive means, constitutes a deliberate and wilful course of conduct designed to flagrantly violate Plaintiffs' legal rights warranting the imposition of punitive damages to prevent continued and further similar activities by Defendant in this District with regard to Plaintiffs and other similarly situated discharged debtors.

  **WHEREFORE,** Plaintiffs demand judgment against Defendant on this Count of the Complaint for the following forms of relief:

  A. Awarding Plaintiff's actual damages in an amount to be determined by the Court;

  B. Awarding Plaintiff's consequential damages in an amount to be determined by the Court;

  C. Awarding treble damages pursuant to N.J.S.A. 56:8-19;

  D. Awarding Plaintiff's costs of suit;

  E. Awarding Plaintiff's reasonable attorney's fees and expenses;

  F. Awarding punitive damages; and

  G. Awarding such other and further relief as this Honorable Court may deem equitable, just and proper.

Date: February 24, 2010        /s/ William Mackin

                    Counsel for Plaintiffs