**WILLIAM MACKIN, ESQ., P.C. *(WM 2792)***
**105 N. BROAD STREET**
**SUITE 1**
**WOODBURY, NJ 08096**
(856) 848-2152
(856) 848-4280 Fax
**Attorney For Plaintiffs**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
***(Camden Vicinage)***

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| Mario Sousa and Maria Sousa | : | |
| | : | Case No.: 07-20831 JHW |
| Debtor(s) | : | |
| | : | |
| | : | Adv. Pro. No. 09-01943 JHW |
| Mario Sousa and Maria Sousa, | : | |
| **Plaintiffs** | : | |
| | : | |
| vs. | : | **SETTLEMENT AGREEMENT** |
| | : | |
| Portfolio Recovery Associates, Inc. | : | |
| **Defendant** | : | |
| | : | |

This Settlement Agreement is made and effective on August 26, 2009 by and between Plaintiffs Mario Sousa and Maria Sousa ("Plaintiffs") and Defendant Portfolio Recovery Associates, LLC (Erroneously identified as Portfolio Recovery Inc. In the caption of the complaint) ("Defendant") in respect of the claims asserted by the Plaintiffs against Defendant in the above-captioned Adversary Proceeding (the "Adversary Proceeding")

**RECITALS**

**WHEREAS**, Plaintiffs allege in the Adversary Proceeding that Defendant violated provisions of law, including, but not limited to 11 U.S.C. § 524 (the "Bankruptcy Code"), the Fair Debt Collection Practices Act ("FDCPA") and one or more New Jersey consumer protection statutes with respect to a Sears credit card account number xxxxxxxx2933 (the "Account") (all hereinafter referred to as the "Alleged Violations"); and

**WHEREAS**, Defendants deny any liability as to the Alleged Violations; and

**WHEREAS**, the Parties desire to fully resolve this dispute concerning the Alleged Violations and all claims that were asserted, or could have been asserted in the above captioned Adversary Proceeding;

**NOW, THEREFORE, IT IS HEREBY AGREED** by and between Plaintiffs and Defendant as follows:

1.      Defendant shall pay a total of $2,600.00 to Plaintiffs.

2.      Payment will be made in one certified check or money order payable to Maria Sousa and forwarded to her attorney's office address, which is set forth above, so as to be received by no later than the end of business on September 11, 2009.

3.      Upon receipt of payment and collection of funds, Plaintiffs' counsel shall file a stipulation of dismissal of the Adversary Proceeding pursuant to F.R.Bankr.P. 7041 and F.R.Civ.P. 41(a)(1)(A)(I).

4.      Defendant warrants that it is, at the time of the execution of this Agreement, the sole holder, owner and servicer of the Account and that no other party or entity has any right to claim ownership of the Account or to service the Account.

5.      The Account has been fully discharged in bankruptcy and Defendant shall take no further collection activity relative to the Account.

6.      Defendant will purge the Account from their data base.

7.      Defendant will not sell, transfer or assign the Account, any portion of the Account nor any rights to service the Account (whether such rights are direct, derivative, contingent or otherwise) to any other party at any time subsequent to the execution of this Agreement.

8.      If Defendant sells, transfers or assigns the Account, any portion of the Account or any rights to service the Account in violation of the preceding paragraph, such actions will constitute a breach of this agreement and Defendant shall be jointly responsible with any and all future direct and indirect transferees for any future collection or credit reporting actions or activities on the Account which violate the Bankruptcy Code, the FDCPA, the Fair Credit Reporting Act, any other applicable state

or federal consumer protection statute and/or the terms of this Agreement.

9.     Defendant will remove any negative credit entries related to the Account from any and all of the Plaintiffs' consumer credit reports by making a written request for the removal of such entries from each of the major credit reporting agencies.  Such removal shall be executed by a Uniform Data Report request or by any other type of written or electronic communication, with a copy of such communication being simultaneously sent to Plaintiffs' counsel by way of regular mail to his office address, which is set forth above or by way of email to the address set forth below, and shall be accomplished within 30 days of the date of the full execution of this Agreement.

10.    Defendant will not verify the Account if Defendant receives a reinvestigation dispute from a credit reporting agency.

11.    Except as otherwise set forth herein, the parties hereto forever mutually waive and release each other from and for any and all claims, costs, liability or causes of action each may have had against the other, whether known or unknown, through the date of the execution of this Settlement Agreement. Plaintiffs' release and waiver of claims hereunder shall be effective only after full payment and collection of funds as set forth above and Defendant's compliance with the other affirmative obligations imposed upon Defendant in paragraphs 6 and 9 of this Agreement.

12.    The Parties acknowledge that this Agreement represents a compromise of all disputed claims, has been made for the express purpose of avoiding the expense of litigation, and shall not be construed as an admission of wrongdoing, negligence, or liability on the part of the Defendant.

13.    This Agreement contains the entire understanding between the Parties concerning the subject matter of the Adversary Proceeding.

14.    The terms of this Agreement supersede and replace all prior negotiations and proposed agreements,

written or oral, between the Parties arising out of the facts alleged in and circumstances surrounding the Adversary Proceeding.

15.   This Agreement may only be modified by further written agreement signed by all of the Parties.

16.   This Agreement shall be interpreted in accordance with the laws of the State of New Jersey, without reference to conflicts of laws.

17.   Except as set forth herein the Parties will bear their own respective attorney's fees, expenses and costs in connection with the preparation of this Agreement and the Adversary Proceeding.

18.   If any provisions of this Agreement are held invalid or unenforceable, all other provisions shall continue in full force and effect.

19.   This Agreement may be executed in counterparts, each of which will be deemed an original document, but all of which will constitute a single document.

20.   This Agreement may be executed by electronic transmission signature, including, without limitation, by facsimile or portable document format (".pdf"), each of which shall binding as if they were an original signature.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be duly executed and effective on the date first set forth above.

Portfolio Recovery Associates, LLC
(Defendant)

By:
Authorized Representative

Mario Sousa
(Plaintiff)

Maria Sousa
(Plaintiff)